[Cite as *Kaufman v. Ohio Dept. of Transp.*, 2015-Ohio-5351.]

| DONALD KAUFMAN | Case No. 2015-00080-AD |
|---|---|
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| OHIO DEPARTMENT OF TRANSPORTATION | <u>MEMORANDUM DECISION</u> |
| Defendant | |

{¶1} Plaintiff Donald Kaufman filed this claim on January 30, 2015 to recover damages which occurred when his 2011 BMW struck a large chunk of concrete on the road on January 15, 2015, while traveling on St. Rt. 161 in Union County, Ohio. This road is a public road maintained by the Ohio Department of Transportation. Plaintiff's vehicle sustained damages in the amount of $1,117.24. Plaintiff maintains a collision insurance deductible of $500.00.

{¶2} In order to recover on a claim for roadway damages against the Ohio Department of Transportation, Ohio law requires that a motorist/plaintiff prove <u>all</u> of the following:

{¶3} That the plaintiff's motor vehicle received damages as a result of coming into contact with a dangerous condition on a road maintained by the defendant.

{¶4} That the defendant knew or should have known about the dangerous road condition.

{¶5} That the defendant, armed with this knowledge, failed to repair or remedy the dangerous condition in a reasonable time.

{¶6} In this claim, the Court finds that the plaintiff did prove that his vehicle received damages and that those damages occurred as a result of the plaintiff's vehicle coming into contact with a dangerous condition on a road maintained by the defendant.

{¶7} The next element that a plaintiff must prove to succeed on a claim such as this is to show that the defendant knew or should have known about this dangerous condition. Based on the evidence presented, the Court is unable to find that the defendant had actual knowledge of the dangerous condition. Likewise, the Court is unable to find that the defendant should have known about this dangerous condition and thus would have had constructive notice about the highway danger. Constructive notice is defined as "(n)otice arising from the presumption of law from the existence of facts and circumstances that a party has a duty to take notice of...Notice presumed by law to have been acquired by a person and thus imputed to that person." (Black's Law Dictionary at 1090 8th Ed. 2004.)

{¶8} In order for there to be constructive notice, a plaintiff must prove that sufficient time has passed after the dangerous condition first appears, so that under the circumstances the defendant should have gained knowledge of its existence. This, the plaintiff has been unable to do.

{¶9} In the Investigation Report filed April 13, 2015 the defendant stated that the location of the incident was on SR 161 in Union County, at mile marker 2.65. This section of the roadway has an average daily traffic count of between 1,520 and 2,180 vehicles. Despite this volume of traffic, the department had received no notice of road debris or loose concrete on this road thus, the Court is unable to find that the department knew about the loose concrete. Within the past six months, the department had also conducted forty (40) maintenance operations on SR 161 in Union County without discovering any loose debris or concrete on the roadway. A review of the inspections performed by ODOT and submitted to the Court does not show a report of any loose debris. If any piece of concrete were loose for any appreciable length of time, it is probable that it would likely have been discovered by the department's work crews.

Thus, the Court cannot find that the department should have known about this loose concrete.

{¶10} Under Ohio law, the burden of proof in civil claims like this one rests on the plaintiff. Admittedly, this places a difficult task on a plaintiff in a loose debris claim against ODOT. However, this is the law that is binding on this Court at the present time.

{¶11} Finally, the law in Ohio is that the department is not an absolute insurer of a motorist's safety on the highway. The department is only liable for damage when the Court finds that it was negligent. This the Court is unable to do.

{¶12} Since the plaintiff is unable to prove that the defendant knew or should have known about this dangerous condition, the claim must fail.

| | |
|---|---|
| DONALD KAUFMAN | Case No. 2015-00080-AD |
| Plaintiff | Clerk Mark H. Reed |
| v. | |
| | <u>ENTRY OF ADMINISTRATIVE</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | <u>DETERMINATION</u> |
| Defendant | |

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs shall be absorbed by the court.

_____

MARK H. REED

Case No. 2015-00080-AD            -4-            MEMORANDUM DECISION

           Clerk

Entry cc:

Donald Kaufman            Jerry Wray, Director
3630 Dayspring Drive            Ohio Department Of Transportation
Hilliard, Ohio 43026            1980 West Broad Street
           Mail Stop 1500
           Columbus, Ohio 43223

Filed 9/22/15
Sent to S.C. Reporter 12/21/15